IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM ANDY SALAS-ALBERNOZ** : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| **BRIAN MCSHANE**, Field Office Director of : | |
| Enforcement and Removal Operations, : | |
| Philadelphia Field Office, Immigration and : | |
| Customs Enforcement, **KRISTI NOEM**, : | |
| Secretary, U.S. Department of Homeland : | |
| Security, **U.S. DEPARTMENT OF HOMELAND** : | |
| **SECURITY**, **PAMELA BONDI**, U.S. Attorney : | |
| General, **EXECUTIVE OFFICE FOR** : | |
| **IMMIGRATION REVIEW**, **JAMAL LAWRENCE**, : | |
| Warden of Philadelphia Detention Center : | NO. 26-906 |

## ORDER

**NOW**, this 17th day of February, 2026, upon consideration of Petitioner William Andy Salas-Albernoz's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Salas-Albernoz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Salas-Albernoz from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **5:00 P.M. E.T.** on **February 18, 2026**.

3. The government is temporarily enjoined from re-detaining Salas-Albernoz for seven days following his release from custody.

4. If the government pursues re-detention of Salas-Albernoz, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5. The government shall not remove, transfer, or otherwise facilitate the removal of Salas-Albernoz from the Commonwealth of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Salas-Albernoz is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Salas-Albernoz if unforeseen or emergency circumstances arise that require his removal from the Commonwealth of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Salas-Albernoz, a citizen of Venezuela, has resided in the United States since 2022. Pet. Writ Habeas Corpus ("Pet.") ¶ 44, ECF No. 1. He lives in Philadelphia, Pennsylvania, and has a pending asylum application. *Id.* ¶¶ 45–46. He has no criminal history. *Id.* ¶ 48. On February 6 or 9, 2026, Salas-Albernoz was arrested at a scheduled Immigration and Customs Enforcement hearing without stated justification and held at the Federal Detention Center in Philadelphia. *Id.* ¶ 45, 47. He was subsequently transferred to the Moshannon Valley Processing Center in the Western District of Pennsylvania. *See* Stip. & Order dated Feb. 17, 2026, at 1, ECF No. 7. The parties agree that we retain jurisdiction. *See id. See also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)).

The government has not permitted Salas-Albernoz to seek review of his custody determination before an immigration judge. *Id.* ¶ 49. The government contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Resp. Opp. to Pet. Habeas Corpus, 4–7, ECF No. 6.

Section 1225(b)(2) does not apply to individuals like Salas-Albernoz, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Salas-Albernoz is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.